UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES | : | |
| | : | |
| v. | : | No. 11cr1 (MRK) |
| | : | |
| JOSEPH REYES, RICHARD DANIELS, | : | |
| and ALEXIS RAMOS | : | |

**RULING AND ORDER**

During the March 27, 2012 pretrial conference, Defendants Joseph Reyes, Richard Daniels, and Alexis Ramos objected to the introduction of evidence tending to show that they were members of a gang—specifically, members of the Bloods—as irrelevant and unduly prejudicial. Defendants Richard Daniels and Alexis Ramos have since filed Motions in Limine to Preclude Testimony of Gang Affiliation [docs. # 423, 424], and Defendant Joseph Reyes filed a motion adopting and incorporating by reference Mr. Daniels's arguments, *see* Mot. in Limine [doc. # 432]. After weighing the arguments, the Court denies all three motions.

First, the Court concludes that the disputed evidence is relevant under Rule 401 of the *Federal Rules of Evidence*. The Government intends to use evidence of gang membership to both demonstrate the existence of a joint venture or conspiracy and explain the relationship between Defendants and several cooperating witnesses. *See United States v. Diaz*, 176 F.3d 52, 79 (2d Cir. 1999) (finding that the admission of evidence regarding gang membership could be relevant for the purpose of establishing a conspiracy because such evidence may "help explain how the illegal relationship between participants in the crime developed, or to explain the mutual trust that existed between coconspirators" (quotation marks omitted)); *see also id.* at 95 (finding that admission of evidence regarding contested gang membership relevant to establishing defendant's

motive). Evidence of Defendants' possession of guns, the coded language used by gang members, and other acts taken in furtherance of the conspiracy—including the alleged fact that only gang members or their close associates were allowed to sell drugs at the Johnson property—are also all relevant in establishing the existence of a conspiracy. *See, e.g.*, *id.* at 79; *United States v. Muniz*, 60 F.3d 65, 71 (2d Cir. 1995) ("[T]here are innumerable precedents of this court approving the admission of guns in narcotics cases as tools of the trade."); *United States v. Wilson*, 481 F.3d 475, 482 (7th Cir. 2007) (finding that evidence of an ordered beating was not a prior bad act, but rather part of a conspiracy, as it demonstrated the defendant's leadership role and the gang's enforcement policy). Having found the contested evidence relevant, the Court turns to evaluating whether its relevance is outweighed by the danger of unfair prejudice.

As courts regularly recognize, demonstrating the existence of prejudice alone is not sufficient to exclude relevant and otherwise admissible evidence, as all evidence that weakens a party's claim results in some prejudice. *See Black's Law Dictionary* 1299 (Bryan A. Garner et al. eds., 9th ed. 2004) (defining "prejudice" as "[d]amage or detriment to one's legal rights or claims."). The question under Rule 403 of the *Federal Rules of Evidence* is whether the prejudice would be *unfair*—that is, whether the evidence, if introduced, would have an "adverse effect beyond tending to prove the fact or issue that justified its admission into evidence." *United States v. Gelzer*, 50 F.3d 1133, 1139 (2d Cir. 1995) (quotation marks and alteration omitted); *see also Old Chief v. United States*, 519 U.S. 172, 180 (1997) (explaining that evidence would cause "unfair prejudice" if it would have "an undue tendency to suggest decision on an improper basis." (citation omitted)).

"Evidence that a defendant is a member of a gang can be highly prejudicial . . . ." *United States v. Nelson*, 103 F. Supp. 2d 512, 513 (N.D.N.Y. 1999). "[T]he Seventh Circuit has set forth

a clear explanation of the principles at issue in judging admissibility, stating that evidence of gang affiliation should tend to prove an element of the charged offense, if it is to have general probative value that outweighs its prejudice." *Id.* at 514. Alleged membership in the Bloods, "a notorious nationwide street gang," is potentially even more prejudicial than general gang membership. *United States v. Price*, 2009 WL 973370, at *2 (E.D.N.Y. Apr. 10, 2009) *as clarified*, 2009 WL 1010483 (E.D.N.Y. Apr. 14, 2009). "This evidence weighs heavily hwere, as here, Defendant's purported membership in the Bloods is not an element of the charges against him." *Id.*

After weighing the evidence, the Court finds that the relevance of evidence demonstrating that the defendants were members of a gang to demonstrating the existence of a joint venture or conspiracy and explaining the relationship between the defendants and cooperating witnesses outweighs that evidence's potential for unfair prejudice, primarily because it tends to prove an element of the charged offense. *See Nelson*, 103 F. Supp. 2d at 513.

However, whether that the gang was the Bloods—a well-known street gang with numerous negative associations in popular culture—is not strongly relevant to the Government's case and is therefore unfairly prejudicial. *See Price*, 2009 WL 973370, at *2. Accordingly, the Government may introduce evidence of Defendants' gang membership, but the Government may not introduce evidence that the gang was the Bloods. The Court will reconsider this decision if the Government wishes to introduce specific pieces of evidence, such as photographs or recorded conversations, which are inextricably linked to the Bloods.

After careful consideration, the Court concludes that while the evidence of gang membership may be prejudicial to Defendants' arguments, the prejudice is not unfair given its relevance. Accordingly, the Court finds that gang-related evidence is admissible under Rules 401

and 403. Mr. Ramos's Motion in Limine [doc. # 423], Mr. Daniels's Motion in Limine [doc. # 424], and Mr. Reyes's Motion in Limine [doc. # 432] are therefore DENIED. However, absent further evidence that the gang was the Bloods rather than a non-specific gang is vital to the Government's introduction of specific pieces of evidence, the Government is ordered not to introduce evidence regarding the name of the gang and to instruct witnesses not to do so in their testimony. The Court also requests that Defendants submit a draft cautionary instruction regarding gang membership to be included in the Court's jury instructions.

                                  IT IS SO ORDERED.

                          /s/     <u>Mark R. Kravitz</u>
                                United States District Judge

Dated at New Haven, Connecticut: May 1, 2012.